IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIK FOLKS,<br>    Plaintiff,<br>    v.<br><br>WARDEN SPAULDING, SIA J.<br>FOSNOT, and SIS ORDONEZ,<br>    Defendants. | No. 1:20-CV-01101<br><br>(Judge Rambo) |

## MEMORANDUM OPINION

Plaintiff Earl Malik Folks, a prisoner presently confined at the Federal Correctional Institution at Ray Brook in Ray Brook, New York, filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendants regarding his temporary placement in the Special Housing Unit ("SHU") and the conditions therein while he was incarcerated at the United States Penitentiary at Lewisburg in Lewisburg, Pennsylvania. (Doc. 1.) Defendants have filed a motion to dismiss, or in the alternative, for summary judgment arguing that Plaintiff has failed to exhaust his administrative remedies as the claims in his complaint. (Doc. 16.) Plaintiff has failed to oppose the motion, and the time for doing so has now expired. For the following reasons, the Court will grant the motion.

I.    STATEMENT OF FACTS

Plaintiff is an inmate designated to the Federal Correctional Institution Ray Brook, in Ray Brook, New York. (Doc. 20 at 1.) He is serving an eighty-four

1

month term of imprisonment imposed in the United States District Court for the Eastern District of New York for brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). (*Id.* at 2.)

Petitioner was designated at USP Lewisburg from April 15, 2020 to December 8, 2020. (*Id.*) On April 30, 2020, officials placed Plaintiff in the SHU pending an investigation into information that he was causing disruption in the housing unit, potentially placing his safety in the unit in jeopardy. (*Id.*) Plaintiff was in the SHU from April 30, 2020, until June 8, 2020. (Id.)

On June 29, 2020, Folks filed a civil complaint regarding his confinement in the SHU and the conditions there while at USP Lewisburg. (*Id.* at 2.) In the complaint, Plaintiff alleges that on April 30, 2020, Defendants SIS and SIA pulled Plaintiff out of population, where he was advised that some inmates were saying that blacks were trying to take over the television and that his name came up. (Doc. 1 at 4.) Plaintiff replied that he was not familiar with that concern and that there were no issues within his housing unit. (*Id.*) Plaintiff was then returned to general population. (*Id.*) Twenty minutes later, however, institution officers escorted Plaintiff to the SHU due to a pending SIS investigation. (*Id.*) While Plaintiff was in the SHU, Plaintiff was not given a laundry bag. After he was released from the SHU, Plaintiff returned to general population but to a different housing unit, which Plaintiff did not prefer. (*Id.* at 5.) In his new housing unit, the

cells are small and are dirty. (*Id.*)  Plaintiff requested cleaning supplies, but his request was denied. (*Id.*)  Folks has not filed any administrative remedies concerning his placement in the SHU, housing conditions, or access to laundry. (Doc. 20 at 2.)

## II.  STANDARD OF REVIEW

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 250.  The Court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

Initially, the moving party must show the absence of a genuine issue concerning any material fact. *See Celotex Corp. v. Carrett*, 477 U.S. 317, 323 (1986).  Once the moving party has satisfied its burden, the non-moving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257.  "While the evidence that the

3

non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Hugh*, 418 F.3d at 267 (citing *Anderson*, 477 U.S. at 251).

If the court determines that "the record taken as a whole could not lead a rational trier or fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

Here, Plaintiff has failed to oppose the motion or the facts asserted in Defendants' statement of facts. Pursuant to Federal Rule of Civil Procedure 56(e), the Court has reviewed the facts contained in the statement of facts as well as each fact's citation to the record and will consider each fact undisputed. Summary judgment is thus appropriate. *See* Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it.").

## III. DISCUSSION

Defendants argue that Plaintiff has failed to exhaust his administrative remedies, which bars the claims in his complaint. A review of the record demonstrates that Plaintiff failed to file—much less exhaust—any grievance regarding his time in the SHU at USP Lewisburg and the conditions of his confinement after he was released back to general population.

Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion, as a precondition for bringing suit, is a "'threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time.'" *Small v. Camden County*, 728 F.3d 265, 270 (3d Cir. 2013). "[T]he . . . exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must exhaust all available administrative remedies even where the relief sought, such as monetary damages, cannot be granted through the administrative process, as long as the grievance tribunal has authority to take some responsive action. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The applicable procedural rules for properly exhausting administrative remedies "are defined not by [§ 1997e(a)], but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by [§ 1997e(a)] to 'properly exhaust.'" *Jones v. Bock*, 549 U.S. 199, 218 (2007). *See Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010) ("[W]hether a prisoner properly exhausted a claim is made by evaluating compliance with the prison's specific grievance procedures."). The burden of proving non-exhaustion lies with the defendants asserting the defense. *Jones*, 549 U.S. at 212, 216–17. A court evaluating the "threshold" issue of exhaustion looks at whether the inmate "compli[ed] with the prison's specific grievance procedures" and whether those procedures were available to the inmate. *Rinaldi v United States*, 904 F.3d 257, 265 (3d Cir. 2018) (quoting *Drippe*, 604 F.3d at 781, and *Small*, 728 F.3d at 269-71).

The BOP's Administrative Remedy Program is a multi-tier process that allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The inmate first must attempt to informally resolve his issue with the institutional staff. *See id.* § 542.13(a). If informal resolution fails or is waived, the inmate then may submit a formal Administrative Remedy Request on the appropriate BP–9 form within twenty calendar days following the date for which the basis for the request occurred. *See*

6

*id.* § 542.14(a). If the inmate is unsatisfied with the warden's response to his Administrative Remedy Request, he may submit an appeal on the BP–10 form to the appropriate Regional Director within twenty calendar days of the date the warden signed the response. *See id.* § 542.15(a). An inmate who is not satisfied with the Regional Director's response may appeal to the General Counsel on the appropriate BP–11 form within thirty calendar days of the date the Regional Director signed the response. *See id.* An inmate's appeal to the General Counsel is the final administrative appeal. *See id.* Thus, to satisfy the PLRA's exhaustion requirement, a federal inmate must complete each step of the BOP's administrative remedy process, which is not considered complete until an inmate's final appeal is considered by the Central Office. *See* 28 C.F.R. §§ 542.14-542.15; *Rinaldi*, 904 F.3d at 265; *Schreane v. Marr*, 722 F. App'x 160, 164 (3d Cir. 2018).

In Defendants' statement of facts, which Plaintiff does not dispute, it is clear that while he was incarcerated at USP Lewisburg Plaintiff exhausted none of the issues of which he complains. This does not end the Court's inquiry, however, as it must also consider whether the applicable administrative remedies were "available" to Plaintiff for his unexhausted claims.

In *Ross v. Blake*, 136 S. Ct. 1850 (2016), the Supreme Court outlined the three instances in which remedies would not be "available" such that exhaustion may be excused: (1) when an administrative procedure "operates as a simple dead

end with officers unable or consistently unwilling to provide relief to aggrieved inmates;" (2) where the administrative remedies are so unclear that "no ordinary prisoner can make sense of what it demands;" and (3) where prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60. *See also Rinaldi*, 904 F.3d at 266-67. "[O]nce the defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to him." *Rinaldi*, 904 F.3d at 268.

    Here, as Plaintiff has failed to oppose the motions at all, Plaintiff makes no argument that he falls under one of these three categories, nor would they appear to apply to the undisputed facts presented in the motion or the allegations in the complaint. There is simply no fact or reasonable inference the Court can make that would support a conclusion that the grievance procedure was unavailable to Plaintiff while he was incarcerated at USP Lewisburg. Plaintiff has failed to establish that such remedies were unavailable to him. Accordingly, this Court finds that as a matter of law, Plaintiff failed to exhaust the administrative remedies that were available to him, as he is required to do by § 1997e(a) prior to filing suit, and will grant Defendants' motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, this Court will grant Defendants' motion for summary judgment.

An appropriate Order follows.

<u>S/Sylvia H. Rambo</u><br>
United States District Judge

Dated: June 1, 2021